IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Cyndi Johnson, | : | |
| Plaintiff | : | Case No. 2:06-cv-892 |
| v. | : | Judge Holschuh |
| James Harris, | : | Magistrate Judge Abel |
| Defendant | : | |

## Initial Screening Order

Plaintiff Cyndi Johnson brings this civil rights action under 42 U.S.C. §1983. Plaintiff's request to proceed *in forma pauperis* is GRANTED. This matter is now before the Magistrate Judge for an initial screening of the complaint under 28 U.S.C. §1915A(e)(2) to identify cognizable claims, and to dismiss the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth,* 114 F.3d 601, 608-09 (6th Cir. 1997). The Magistrate Judge finds that the complaint fails to state a claim upon which relief may be granted and therefore RECOMMENDS that the complaint be dismissed.

The complaint alleges that on July 27, 2006, Plaintiff was barred by Defendant from a Wendy's Restaurant. Plaintiff claims this action was in retaliation for her exercise of her first amendment rights--presumably she means freedom of speech, although the complaint does not specify--and also states that this action violated her "civil right to use a public facility or accomodation."

When considering whether a complaint fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983).  Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  A civil "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. at 45-46; *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990).  Moreover, *pro se* complaints must be liberally construed. *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

In order to state a valid claim under the First Amendment, a plaintiff must allege that a state actor has played a role in violating her constitutional rights. *See Riser v. Wsyx-Tv Abc-6*, 2002 U.S. Dist. LEXIS 23654 at *30 (S.D. Ohio July 17, 2002)(stating "the First Amendment . . . does not protect individuals from infringement by private actors.") Here, Johnson does not allege that Harris is a state actor.   Thus, her first amendment claim does not present any facts which could lead to a favorable resolution.

Under 42 U.S.C. § 2000a, a place of public accommodation, including "facilities principally engaged in selling food for consumption on the premises," may not discriminate or segregate on the basis of race, color, religion, or national origin. However, even when read in a light most favorable to Plaintiff, it is clear that the

2

complaint fails to allege facts sufficient to state a claim on this basis.

Accordingly, the Magistrate Judge RECOMMENDS the complaint be hereby DISMISSED for failure to state a claim under 42 U.S.C. §1983.

IT IS FURTHER ORDERED that the United States Marshal serve upon each defendant named in complaint a summons, a copy of the complaint, and a copy of this Order.  Defendant need not answer or otherwise respond to the complaint until further order of the Court.

The Clerk of Court is DIRECTED to mail a copy of this Order to the Defendant.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel
United States Magistrate Judge