IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Cyndi Johnson, | : | |
| Plaintiff | : | Case No. 2:06-cv-892 |
| v. | : | Judge Holschuh |
| James Harris, | : | Magistrate Judge Abel |
| Defendant | : | |

## ORDER

Plaintiff Cyndi Johnson brought this civil rights action under 42 U.S.C. §1983 alleging that on July 27, 2006 she was barred from a Wendy's restaurant in Athens, Ohio. On November 2, 2006, Magistrate Judge Abel filed an Initial Screening Report and Recommendation under 28 U.S.C. §1915A(e)(2), *see, McGore v. Wrigglesworth,* 114 F.3d 601, 608-09 (6th Cir. 1997), recommending that the complaint be dismissed because it failed to state a claim under 42 U.S.C. § 1983 because it did not allege that defendant James Harris was acting under color of state law when he barred Johnson from the restaurant. *See Riser v. WSYX-TV ABC-6*, 2002 U.S. Dist. LEXIS 23654 at *30 (S.D. Ohio July 17, 2002)(stating "the First Amendment . . . does not protect individuals from infringement by private actors.")

The matter is before the Court on plaintiff Johnson's November 7, 2006 objections to the Report and Recommendation. She asserts that the Athens Police Department came to the Wendy's restaurant on July 27 and threatened to arrest her if she entered. Johnson says that she told them that she had a constitutional right to protest so long as she did not block the entrance. They again threatened to arrest her, although they did not.

Plaintiff does not state that defendant James Harris was acting under color of law. Neither the Athens Police Department nor any officer of that Department is a defendant.

To state a cause of action under 42 U.S.C. §1983, a plaintiff must plead and prove, among other things, that the deprivation was caused by a person acting under color of state law. *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994); *Rhodes v. McDaniel*, 945 F.2d 117 (6th Cir. 1991).  Here there is no allegation that the sole defendant, James Harris, was acting under color of law.

Accordingly, upon *de novo* review as required by 28 U.S.C. § 636(b)(1)(B), plaintiff Johnson's November 7, 2006 objections to the Report and Recommendation are OVERRULED. The Clerk of Court is DIRECTED to enter JUDGMENT dismissing this case on initial screening under 28 U.S.C. §1915A(e)(2) for failure to state a claim against defendant.

This action is hereby DISMISSED.


Date: December 26, 2006              **/s/ John D. Holschuh**
                                     John D. Holschuh
                                     United States District Judge